IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INSTITUTIONAL CASEWORK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 1:24-cv-00157-CB |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

E.E. Austin's Motion to intervene (Doc. 12) will be granted, and this case will be stayed as described below.

This diversity case relates to a renovation project at the Fairview Highschool in Erie, Pennsylvania. E.E. Austin is the general contractor; CommCab, Inc., is a subcontractor; and Institutional Casework, Inc. ("ICI") supplied cabinets, doors and other furnishings to CommCab for the project. Compl. (Doc. 4); *see also* Doc. 4-3 at ECF-header pg. 54 of 59. Travelers provided a surety payment bond to E.E. Austin. Compl. at ¶¶ 8-9. ICI filed this action against Travelers, on June 3, 2024, seeking to collect $128,166.00 in payment owing (ICI already has collected $351,505.00, *see* Doc. 4-2 at pg. 2). On June 28, 2024, CommCab filed a diversity action against ICI in the United States District Court for the Eastern District of Pennsylvania, wherein District Judge Mary Kay Costello presides. *See* E.D. Pa. Case No. 2:24-cv-02860-MKC.[1]

---

[1] The hyperlinks to the Eastern District Court docket will function for readers logged into a PACER account.

As referenced above, the project site is in Erie. E.E. Austin is a Pennsylvania Corporation with a principal place of business ("PPB") in Erie. Doc. 12-2 at ¶ 2. Its lawyer's office is in Erie, and E.E. Austin – pursuant to a duty of indemnity – has assumed Travelers' legal defense. *See* dkt. sheet, showing the same lawyer as counsel of record for both Defendant, Travelers, and putative intervenor E.E. Austin.[2] ICI is a citizen of Tennessee, Compl. at ¶ 1, although it filed this case in Erie, presumably based on the project situs. CommCab is a Pennsylvania corporation, with a PPB in the greater Philadelphia area, where it brought suit. Compl. in E.D. Pa. 2:24-cv-02860. Presumably, CommCab claims venue in the Eastern District based on communications/contacts directed to the forum. *Compare* Compl. E.D. Pa. 2:24-cv-02860 at ¶ 4 (citing 28 U.S.C. § 1391(b)(2)) *with* 1391(b)(2) (venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

E.E. Austin seeks permissive intervention under Rule 24(b), through which the Court "may permit" a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The standard easily is satisfied. E.E. Austin is defending Travelers here, and the primary defense is that ICI failed to deliver conforming goods. Doc. 12 at ¶ 14.

ICI's resistance is two-fold. First, it alleges that E.E. Austin's intended third-party complaint against CommCab threatens complete diversity. The Court concludes it does not, because it can and will exercise supplemental jurisdiction over the third-party claims under 28 U.S.C. § 1367. Subsection 1367(b) is unconcerning. It prohibits an exercise of supplemental

---

[2] Travelers is incorporated, and has a PPB, in Connecticut. Compl. at ¶ 3. Given E.E. Austin's defense of this case, Travelers' citizenship seems less relevant (other than that it is diverse).

jurisdiction "over claims by plaintiffs" or "by persons proposed to be joined as plaintiffs" under Rule 24, when allowing the claim would defeat diversity. *Id.* E.E. Austin's interests are aligned with Defendant Travelers—so much so that the same lawyer has entered an appearance on behalf of both. E.E. Austin plainly intervenes as a Defendant, and its common citizenship with CommCab, a putative third-party defendant, does not violate Section 1367(b). Courts uniformly have recognized that the section is inapplicable to defendant-intervenors who bring third-party claims. Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 160 (3d Cir. 1995) (district court would have supplemental jurisdiction, despite the common citizenship of the defendant/third-party plaintiff and the third-party defendant); *accord* Deluxe Bldg. Sys., Inc. v. Constructamax, Inc., 94 F.Supp.3d 601, 610 & n.5 (D. N.J. 2013) ("plaintiff in § 1367(b) refers to the *original* plaintiff in the action, not to a counter-plaintiff, cross-plaintiff, or *third-party plaintiff*") (collecting cases; citations to quoted and other sources omitted, here and hereinafter; and emphasis added).

ICI's second objection relates to its pending motion to compel arbitration in the Eastern District.[3] In the alternative to denying intervention, ICI proposes a stay of this case until the other Court rules. The argument has merit, albeit for a reason not identified by any counsel here: the first-filed rule. The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another

---

[3] The filing is styled as a "Motion to Dismiss and Compel Arbitration." Doc. 4 in E.D. Pa. 2:24-cv-02860. Although the supporting brief closes by asking that the case be "dismissed with prejudice," it fails to explain why a dismissal is more fitting than a stay. Doc. 4-2 at internal pgs. 12-13 (requesting dismissal, notwithstanding the fact that the decision cited by counsel one paragraph prior "stayed the proceedings against the surety, pending the arbitration") (citation omitted). To avoid a rabbit hole, the undersigned will refer to ICI's motion as one to compel arbitration.

district court." E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971-72 (3d Cir. 1988) (internal quotations omitted). Its purposes include lessening the burden on federal courts and preventing the "embarrassment of conflicting judgments." Id. at 977. Absent signs of forum-shopping or other gamesmanship, the second-filed court should defer. Id. at 972.

In these cases, there are no indicia of forum shopping or other manipulation. ICI filed here first, and CommCab later. The cases overlap in such a way that adjudication of one necessarily will affect the other. At their hearts, both cases address ICI's performance in connection with the project – resulting in its demand for payment, and the other parties' defenses and claims based on ICI's alleged provision of non-conforming goods.[4]

Given the compelling interests at stake, the first-filed rule may be addressed sua sponte. VPR Brands, LP v. Vape Loft Abercorn, LLC, 2024 WL 3843599, *3 & n.2 (S.D. Ga. Feb. 16, 2024) ("because the first-filed doctrine involves a court's exercise of jurisdiction, a court may (and indeed, should) raise the issue sua sponte") (collecting cases); accord QVC, Inc. v. Patiomats.com, LLC, 2012 WL 3155471, *3 (E.D. Pa. Aug. 3, 2012) (holding same). Its application has been extended to cases where a party seeks to compel arbitration. See Patiomats.com.

In this Circuit, the majority view is that the first-filed court determines the rule's application. PNC Bank, N.A. v. United Servs. Auto. Ass'n, 2021 WL 2209245, *9 (W.D. Pa.

---

[4] This does not alter the Court's determination that E.E. Austin holds the status of Defendant here. See discussion supra (highlighting its defense of the claims against Travelers, an entity whose Defendant-status is beyond doubt). That E.E. Austin and CommCab both allege ICI failed its obligations does not mean they are "aligned" for the purposes of Section 1367(b). Assuming a court or jury ultimately finds ICI responsible, questions remain regarding who will absorb the loss. Cf. E.E. Austin's putative 3d party compl. against CommCab (Doc. 12-2) at ¶¶ 22-25 (alleging that, "[a]s a result of CommCab's breach" of the subcontract agreement, "E.E. Austin has incurred damages in excess of $1 million"; and that CommCab owes a duty of indemnification under the agreement).

Jun. 1, 2021); *accord* Muhammad v. State Farm Indem. Co., 719 F.Supp.3d 397, 409-10 (D. N.J. 2024) (collecting many cases). This Court, being the first-filed, has determined that the rule should apply. The project situs; E.E. Austin; and the lawyer representing it and Travelers all are in Erie. While the undersigned will not say venue in the Eastern District is improper, the ties with this District are stronger. *Cf.* discussion *supra*, quoting Section 1391(b)(2) (venue is proper where "a substantial part of property that is the subject of the action is situated"). CommCab's preference for a forum near its PPB (in Wyncote, Pennsylvania) is entitled to less deference in this context. PNC Bank, 2021 WL 2209245 at *11. As noted in the Eastern District Court's opinion in Infinity Computer Products:

> Where a related action is pending in another forum, the plaintiff's choice is entitled to less deference, *because the transferred action [will] likely be consolidated with the related pending action*, and such transfer will result in less wasted resources on the part of the judiciary and serves the interests of justice because it avoids potential inconsistent results.

Infinity v. Toshiba Amer. Bus. Sols., Inc., 2018 WL 1083885, *4 (E.D. Pa. Feb. 27, 2018) (alteration and internal quotations omitted, emphasis added).

Should Judge Costello transfer her case to the Western District (Erie Division), the undersigned will be assigned to it and the two cases will be consolidated. This Court already has determined that it has subject matter jurisdiction, and personal jurisdiction and venue are not in doubt.

Obviously, Judge Costello is the master of her case. The same "comity among federal courts of equal rank" animating the first-filed rule leaves to her the transfer decision.

Consistent with the above, E.E. Austin's Motion to intervene (**Doc. 12**) is **GRANTED**. E.E. Austin appears on the docket as "Intervenor Defendant," and the Court finds the designation fitting. This case is **STAYED** and **STATISTICALLY CLOSED**, pending a decision in 2:24-

cv-02860 (E.D. Pa.).  Statistical closing is a docket control device that does not affect the substantive rights of any party.

Once Judge Costello has ruled on either (a) the first-filed issue, or (b) the motion to compel arbitration, any party may file a motion to lift the stay.  The stay notwithstanding, E.E. Austin shall file the answer and third-party complaint attached to its Motion by **March 17, 2025**.  E.E. Austin shall proceed with service of process, although CommCab, Inc.'s obligation to respond is held in abeyance, and a deadline to plead or otherwise respond will be set by future order, as and when appropriate.

IT IS SO ORDERED.


March 13, 2025                                                        s/Cathy Bissoon
                                                                      Cathy Bissoon
                                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record


cc (via the Court's internal email system):

The Chambers of District Judge Mary Kay Costello